IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY PARKER )<br>    Plaintiff, )<br>v. )<br>)<br>COMPREHENSIVE LOGISTICS )<br>CO., INC. )<br>    Defendant. ) | No. 1:18-cv-0065<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Magistrate Judge for report and recommendation is the Defendant's Motion to Dismiss. Docket No. 9. For the reasons that follow, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

On August 29, 2018, the pro se Plaintiff, Anthony Parker, filed a Complaint alleging employment discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), constructive discharge, retaliation and various state law claims. Docket No. 1. The Defendant, Comprehensive Logistics Company, Inc. ("Comprehensive Logistics") responded to the Complaint by filing a Motion to Dismiss (Docket No. 9) along with supporting memorandum of law (Docket No. 10). Mr. Parker filed a response in opposition to motion to dismiss. Docket No. 11. Comprehensive Logistics has filed a reply. Docket No. 15.

Parker was hired by Comprehensive Logistics on August 1, 2018 as an operations supervisor after interviewing with both the Plant Superintendent, Marc Moschella and Plant Manager, Dennis Strobaugh. Docket No. 1, ¶¶ 17 through 19. At the time he was hired, Plaintiff was 60 years old. *Id.* ¶30. Parker alleges that on or about August 3, 2018, he was approached by

the shift union steward and told he could not perform hourly associates' jobs on the shop floor consistent with the UAW union contract. *Id.* ¶ 20. According to Parker, he immediately informed Moschella and Strobaugh of the union infraction and Strobaugh made clear to him that as a supervisor, he could not work on the production lines. *Id.* ¶ 23.

On August 7, 2018, Plaintiff attempted to "defuse the situation and promote harmony on the floor" when two UAW Associates became confrontational in the front vertical line. *Id.* ¶¶ 20, 24. On that date, he attempted to report the situation to Moschella who advised him not to get involved because he handled the problem. *Id.* ¶ 25.

On August 8, 2018, at the start of his shift, Plaintiff met with Moschella and HR manager David Highlander who presented him with a document titled "Employee Activity/Warning Notice." Docket No. 1, ¶ 26, Docket No. 15–1. Plaintiff contends the document required him to "learn 48 jobs by September 2018 and not monitor personal issues from UAW hourly worker." Docket No. 1, ¶ 26. According to Plaintiff, he informed Moschella and Highlander that he was a seasoned supervisor with a bachelor's degree in business and that no other supervisor at Comprehensive Logistics is over the age of 60. *Id.* ¶ 27 Parker contends that learning 48 job assignments by September 2018 was an unreasonable expectation and violated the union contract. *Id.* ¶¶ 20, 28. Plaintiff did not sign the document and instead, resigned his position at that time "because of the hostile working environment and unrealistic job expectations." Docket No. 1, ¶ 20, Docket No. 15–1. Plaintiff alleges that by requiring him to learn the job assignments in his area and "not monitor personal issues from UAW hourly worker" Defendants harassed Plaintiff into terminating his employment. Docket No. 1, ¶¶ 26, 28. Plaintiff alleges that these requirements were because of his age and that no other supervisor was expected to be proficient on 48 jobs within 30 days and not interact with hourly workers. *Id.* ¶ 29.

## **LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th

3

Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

A.  **Federal Claims**

1.  **Age Discrimination**

Count I of Parker's Complaint alleges that Comprehensive Logistics discriminated against him on the basis of age in violation of the ADEA. Docket No. 1. p. 5. The ADEA prohibits an employer from discriminating against an individual in their employment on account of their age. 21 U. S. C. § 623(a)(1). Defendant contends Plaintiff's Complaint does not state a

4

plausible claim of age discrimination because he does not allege he suffered an adverse employment action. Docket No. 10, p. 4. Specifically, Defendant contends that the activity notice provided Plaintiff, even if construed as a disciplinary action, does not constitute an adverse employment action. *Id*. They further allege that he has not pled facts sufficient to establish a constructive discharge in that he has alleged no facts showing they created an intolerable working condition or attempting to force him to quit. They further contend that no reasonable person would have felt so compelled. *Id.* at pp. 6-9. This is especially true they argue given that he only worked for the company for 8 days. *Id.* pp. 8-9. In response, Mr. Parker reiterates the assertion in his complaint that demanding he learn 48 job assignments in two months was an unreasonable expectation and would violate the union contract since, as a supervisor, he was not allowed to work on the production lines. Docket No. 11. Parker does not otherwise address any of the arguments raised by the Defendant in its motion. *Id.*

A claim under the ADEA may be proven by direct or circumstantial evidence. In the absence of direct evidence, a Plaintiff must first plead and establish a prima facie case of discrimination. Claims brought under the ADEA are analyzed according to the familiar *McDonnell Douglas* framework. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (applying *McDonnell Douglas* in ADEA case); *Johnston v. O'Neill*, 130 Fed. Appx. 1, 7 (6th Cir. 2005) (same). Under that framework, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff carries that burden, the defendant must present a legitimate, non-discriminatory reason for its actions. *Id.* at 802-03. If the defendant does so, the plaintiff must show that the reason proffered by the defendant is merely a pretext for discrimination. *Id.* at 804.

5

### 2. Hostile work environment

To state a *prima facie* case that he suffered a hostile work environment in violation of the ADEA, Mr. Parker must demonstrate that (1) he is forty years of age or older; (2) he was subject to harassment on the basis of age; (3) the harassment unreasonably interfered with his work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there is a basis for holding the employer liable. *Crawford v. Medina Gen. Hosp.*, 96 F. 3d 830, 834-35 (6th Cir. 1996). For harassment to be actionable, "it must be sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Id.* at 835 (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 47, 67 (1986)). The standard is both subjective and objective; not only must a plaintiff subjectively experience the environment as hostile, but it must be hostile in an objective sense as well. *See Id.* The court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

### 3. Constructive Discharge

A claim of constructive discharge requires the party plead: (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, (2) the employer did so with the intention of forcing employee to quit, and (3) the employee actually quit. *Savage v. Gee*, 665 F 3d 732, 739 (6th Cir. 2012)(internal quotations omitted). "Whether a reasonable person would have [felt] compelled to resign depends on the facts of each case," but the following factors are considered by the court: (1) demotion; (2) reduction salary; (3) reduction in job responsibilities: (4) reassignment demeaning or degrading work; (5) reassignment to work

6

under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than employees former status. *Laster v. City of Kalamazoo*, 746 F. 3d 714, 728 (6th Cir. 2014) ( quoting *Logan v. Denny's, Inc.*, 259 F. 3d 558, 569 (6th Cir. 2001)).

### 4. Retaliation

The ADEA prohibits employers for retaliating against a person for opposing or reporting age discrimination. 29 U. S. C. § 623(d). In evaluating a retaliation claim, the same *McDonnell-Douglas* framework is applied as with claims of age discrimination. To establish a prima facie case of retaliation under federal law, Plaintiff must show (1) he engaged in protected activity; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action. *Blizzard v. Marion Tech College*, 698 F. 3d 275, 288 (6th Cir. 2012). While the burden of establishing a prima facie case of retaliation is not onerous, an employee "may not invoke the protection of the act by making a vague charge of discrimination." *Id.*

Parker has pled that he is 60, was qualified for his position, reported his infraction of the union's collective bargaining agreement, that he received an employee activity/warning notice requiring him to learn among other things, all jobs on the floor and not monitor personal issues among hourly workers and as a result he was compelled to quit. Docket No. 1, ¶¶ 20, 21, 23, 26, 27. However, Parker has not pled facts showing that the consequences from the alleged discrimination were so severe that a reasonable person would have felt compelled to resign.

Parker only pleads that he was subject to the illegal working conditions because of the

7

activity/warning notice he received. However, poor performance reviews are insufficient to establish intolerable working conditions. *See Henry v. Abbott Labs*, 651 F. Appx. 494, 507 (6th Cir. 2016). These allegations do not plead the creation of intolerable working conditions as perceived by a reasonable person.

The Plaintiff references the Employee/Activity Notice he was provided on August 8, 2018 at various places in his Complaint. Docket No. 1, ¶¶ 20, 26. In support of their motion, Defendants have filed a copy of the Employee/Activity Notice. Docket No. 15-1. Generally speaking, if, in support of a motion under a Rule 12(b)(6) or 12(c), "matters outside the pleadings are presented to and not excluded by the Court the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The requirement to treat a motion to dismiss as a summary judgment motion is typically mandatory if matters outside the pleadings are not excluded by the Court. *See Max Arnold & Sons, LLC v. W. L. Hailey & Co., Inc.,* 452 F. 3d 494, 503 (6th Cir. 2006)(applying Rule 12(b) to a Rule 12(c) motion). However, a court may consider matters outside the pleadings without converting the motion to a Rule 56 motion if the documents are "incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *5B Wright & Miller, Federal Practice and Procedure*, § 1357 (3d ed.), cited in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U. S. 308, 322, 127 S. Ct. 2499, 168 L. Ed 2d 179 (2007).

The employee activity/ warning notice is both referenced in Mr. Parker's Complaint and integral to his claim because it represents the formal notice that he contends supports his constructive discharge claim. The document, moreover, merely confirms the allegations of the Complaint that Parker resigned as an alternative to performing the action items set forth in the

8

notice. The Court, therefore, will consider the notice without the need for converting the motion to dismiss to a motion for summa*r*y judgment.

The notice does not indicate it to be a disciplinary action or outline any negative action being taken or anticipated to be taken against Plaintiff. Docket No. 15–1. Further, requiring a supervisor to understand the operations of the workers within his relevant area and assure that leadership provides consistent messaging through its facility regarding corrective actions of its employees appear to be reasonable expectations rather than intolerable working conditions designed with the intent of forcing Parker to quit. *Id.* It is further implausible that his age would motivate this decision given that he was 60 at the time he was hired only eight (8) days prior to his resignation upon being provided the activity/warning notice. The court thus cannot find that Parker pled a plausible claim of constructive discharge.

As noted above, because the employee notice, even if construed as a poor performance review, is insufficient to establish intolerable working conditions and does not, standing alone, constitute an adverse employment action. Coupled with the fact that Mr. Parker has failed to plead a plausible claim of constructive discharge, there is no adverse employment action that would support his claim of discrimination under the ADEA. Thus, the undersigned recommends that his claim of age discrimination and constructive discharge be dismissed.

### 5. The Case at Bar

While not specifically identified as a cause of action in his complaint, plaintiff does allege that he was retaliated against, "because he diffused a hostile work incident on August 7, 2018. Docket No. 1, ¶43. To the extent Plaintiff intends to assert a claim of retaliation it also fails for reasons similar to his other claims under the ADEA. First, it is not clear, "because he diffused a hostile work incident on August 7, 2018" is a protected activity. Further, for the same reasons

9

Case 1:18-cv-00065   Document 20   Filed 11/19/18   Page 9 of 11 PageID #: 96

the presentation of the Employee/Activity Notice does not constitute an adverse employment action for purposes of the discrimination claim it likewise does not for purposes of retaliation. Finally, Plaintiff does not plead or offered any evidence to suggest that there is a causal connection between any protected activity and the alleged adverse action. For these reasons, Plaintiff fails to state a claim for retaliation for which relief can be granted and thus the undersigned recommends this claim be dismissed.

### B. State Law Claims

In addition to the federal claims asserted in Counts I and II of the Complaint, Plaintiff asserts two state law claims; the first, violation of Tennessee's Public Policy and Implied Contract Employment at Will Exceptions, and second, negative retention of supervisors. Docket No. 1. Because the undersigned has recommended dismissal of all of Mr. Parker's federal claims of which it has original jurisdiction, the undersigned recommends that the court decline supplemental jurisdiction over the remaining state law claims in the Complaint and dismiss them without prejudice. See 28 U. S. C. § 1367(c)(3).

The decision to exercise supplemental jurisdiction over state law claims is left to the sound discretion of the district court. *Id.* When, as here, "all federal claims are dismissed before trial, the balance of consideration usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Ex. Corp*. 89 F. 3d 1244. 1254-55(6th Cir. 1996). In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to parties, fairness, and comity to state courts. *See City of Chicago v. Int'l College of Surgeons*, 522 U. S. 156, 172-3, 118 S. Ct. 523 (1997). This includes the interest in not "needlessly deciding state law issues." *Harper v. Auto Alliance, Int'l Inc.* 392 F. 3d 195, 211 (6th Cir. 2004).

10

Case 1:18-cv-00065 Document 20 Filed 11/19/18 Page 10 of 11 PageID #: 97

In the instant case, Plaintiff raises somewhat novel allegations regarding state law. Docket No. 1, pp. 7-8. This coupled with the recommendation that all of his claims over which this court has original jurisdiction be dismissed support exercising the Court's discretion to decline supplemental jurisdiction to hear the state law claims. For these reasons, the underspend recommends that Plaintiff's state law claims (Counts III & IV) be dismissed without prejudice.

## **CONCLUSION**

For the reasons set forth herein, the undersigned recommends that the Defendant's Motion to Dismiss (Docket No. 9) be GRANTED. Specifically, that his federal claims be dismissed with prejudice and that his state law claims be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**